# SUPERIOR COURT

Walter M. Murdie
vs.
Moise Lajeunesse
}No. 61077

RESCRIPT.

June 20, 1925.

SUMNER, J.   Plaintiff has brought suit to recover damages for negligence of the defendant in so operating his car that he turned it suddenly into the pathway of the plaintiff, who was riding on his bicycle, and the two collided.   The jury brought in a verdict for the defendant and the plaintiff has filed a petition for a new trial.

The main facts of the case are undisputed and are as follows:

The defendant was driving his Ford car southerly on Rathbun street in the city of Providence at a rate of speed estimated by him as from 12 to 15 miles an hour; as he approached a cross-road or driveway on his right, he blew his horn and slackened his speed a very little; an automobile suddenly appeared in front of him; he turned his car to his left and crossed the entire width of the street.

The plaintiff, who was coming up northerly on his right hand side, saw this car shoot suddenly out in front of him, turned to his right, but was unable to avoid the collision.

The defendant knew the cross-road was there because he blew his horn. If the car had been under proper control, he should have stopped it within a few feet.   On the contrary, he must have gone approximately 40 feet before he stopped it.   He admits that he did not apply the brakes until he was half way across the street.   He knew the bicycle was there because he had seen it a hundred feet away. The improved part of the road at this point is 24 feet wide  by actual measurement and it is estimated that defendant's car went 8 feet beyond the curb, which would make a total of 32 feet.   Allowing for the angle which he must have made in turning out would produce a distance of approximately 40 feet.   The cross street is 28 feet wide, and if he had had his wits about him or had had the car under control, he should have been able to stop it before going the distance of 40 feet.

There is some question as to the status of the so-called cross street. The defendant calls it by that name. The civil engineer on his sketch calls it a drive.   Whatever it was, the defendant had noticed it and should have been on his guard against cars coming from it.

Something was made of the fact that when the bicycle was picked up, the chain had dropped off, but the Court, out of the depths of its bicycle experience, believes that the shock of the collision did that.   Plaintiff was picked up at the curb, showing that he was at his extreme right when the collision occurred.

The Court believes that the defendant was negligent  in his operation of the car and accordingly grants the motion of the plaintiff  for a new trial.

For plaintiff: Arthur Cushing and Edward W. Bradford.

For defendant: Sherwood, Heltzen & Clifford.